# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **US BANK TRUST, NATIONAL ASSOCIATION, AS TRUSTEE OF AMERICAN HOMEOWNER PRESERVATION TRUST SERIES 2015A+** <br> 440 S. LaSalle, Suite 1110 <br> Chicago, IL 60605 <br><br> PLAINTIFF <br><br> -vs- <br><br> **WALWORTH COUNTY, WISCONSIN** <br> 100 W. Walworth Street <br> Elkhorn, WI 53121 <br><br> **VALERIE ETZEL** <br> **WALWORTH COUNTY TREASURER** <br> 100 W. Walworth Street <br> Elkhorn, WI 53121 <br><br> DEFENDANTS | * * * * * * * * * * * | CASE NO. 2:21-cv-00451 |

Casey Cross (SBN: 1113936)
C.H. Law, LLC
11247 224th Ave
Bristol, WI 53104
262-221-3694
ccross@chlawllc.com

Plaintiff US Bank Trust, National Association, as Trustee of American Homeowner Preservation Trust Series 2015A+ ("Plaintiff"), by and through counsel, and for its Complaint against Defendants Walworth County, Wisconsin ("County" or "Defendant") and Valerie Etzel as Walworth County Treasurer ("Treasurer" or "Defendant"), states as follows:

## INTRODUCTION

1. This case seeks relief relating to the deprivation of Plaintiff's property rights in

1

real property located within Walworth County, Wisconsin. Specifically, the County, acting within its governmental capacity and under color of state law, terminated and seized Plaintiff's security interest in real estate under the auspices of tax foreclosure proceedings authorized by Wis. Stats. §§ 75.521, *et seq.*, but in doing so denied Plaintiff its constitutional right to just compensation.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff US Bank Trust, National Association, as Trustee of American Homeowner Preservation Trust Series 2015A+, is a duly formed trust with a principal place of business of 440 S. LaSalle, Suite 1110, Chicago, IL 60605.

3. The County is a body politic and corporate organized pursuant to, and possessed of such powers, rights, and privileges as are granted by the general law of the State of Wisconsin

4. Defendant Valerie Etzel serves as Treasurer for Walworth County, and is a natural person and citizen of the state of Wisconsin.

5. This action arises under, *inter alia*, 28 U.S.C. § 1983, the 5th and 14th Amendments to the United States Constitution, and Article 1, § 13 of the Wisconsin Constitution and therefore this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391. Defendants are residents of this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District as Defendant's conduct complained of herein occurred solely within Walworth County, Wisconsin and related to real estate located within Walworth County, Wisconsin.

# FACTS

7. On August 18, 2005, Jesus S. Casillas and Francisca R. Casillas, as husband and wife, granted a mortgage in the amount of $91,000.00 to Mortgage Electronic Registration Systems, Inc., solely as nominee for USA Funding Corp., (the "Mortgage") on the real property known as 926 East Wisconsin Street, Delavan, WI 53115, Walworth County, Wisconsin (the "Property"). A copy of the Mortgage is attached hereto as Exhibit A.

8. The Mortgage was assigned several times and since May 11, 2017 has been owned by Plaintiff. Copies of all the mortgage assignments are attached collectively hereto as Exhibit B.

9. There remains due on the mortgage the sum of $161,749.36.

10. Paragraph 11 of the Mortgage provides "All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender." "Miscellaneous Proceeds" are defined under the Mortgage as "any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; *(ii) condemnation or other taking of all or any part of the Property*; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property." (Emphasis added).

11. The Property became tax-delinquent for the tax years 2010, 2011, and 2012. Upon information and belief, the total taxes owed for those years was less than $2,000.00.

12. Upon information and belief, and pursuant to the procedure set forth under Chapter 75 of the Wisconsin Statutes, the Property was forfeited to Defendant Valerie Etzel, as Walworth County Treasurer, and the tax lien ultimately foreclosed through an In Rem tax

foreclosure action. The Property was not redeemed as permitted by law and was subsequently sold at public auction.

13. The Property was sold for the sum of $31,500.00 on August 27, 2019. The sale was consummated on September 27, 2019 through the issuance of a quitclaim deed to Shirley E. Nalevac.

14. Upon information and belief, Defendants retained the full sale proceeds, including all sums in excess of the delinquent taxes actually owed, to either pay for tax-delinquent foreclosure proceedings in the County or for use in the County's general fund.

15. Pursuant to the Mortgage, Plaintiff retains the right and title to the excess sales proceeds.

## COUNT I
## 42 U.S.C. § 1983

16. Plaintiff repeats and re-alleges paragraphs 1-15 with the same force and effect as though fully set forth herein.

17. At all relevant times, the Defendants were "persons" and were acting "under color of" law, as interpreted in 42 U.S.C. § 1983.

18. The Fourteenth Amendment to the United States Constitution guarantees that no State shall "deprive any person of life, liberty or property, without due process of law."

19. The Fifth Amendment's "Takings Clause" of the United States Constitution states that "nor shall private property be taken for public use, without just compensation." The Takings Clause is made applicable to the Defendants by way of the Fourteenth Amendment to the United States Constitution.

20. At all relevant times, the Defendants had a duty and obligation to comply with the U.S. Constitution when conducting foreclosure proceedings pursuant to the Statute.

21. At all relevant times, Plaintiff owned private property, in the form of the Mortgage, protected from public taking without just compensation by the Fifth Amendment to the United States Constitution.

22. The Property subject to the Mortgage was foreclosed upon pursuant to Wis. Stat. § 75.19.

23. At the time the Property was foreclosed upon, its fair market value exceeded the amount of taxes owed on it.

24. When the Mortgage was foreclosed upon, Plaintiff did not receive any compensation to account for the amount that the value of the property exceeded the amount of impositions on their properties.

25. Accordingly, through use of the tax foreclosure procedure under Wis. Stat. § 75.19, Defendants, acting under color of law, took Plaintiff's property without just compensation.

26. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in the amount by which the value of the property foreclosed upon exceeded the total amount of the impositions attributable to that property.

27. By retaining the excess sales proceeds, Defendants have taken Plaintiff's property for public use without the payment of compensation required by the 5th Amendment of the United States Constitution.

28. Plaintiff is entitled to recover from Defendants the amount of the excess sales proceeds from the sale of the property.

## COUNT II
### Article I, Section 13 of the Wisconsin Constitution.

29. Plaintiff repeats and re-alleges paragraphs 1-28 with the same force and effect as though fully set forth herein.

5

30. Pursuant to Article 1, Section 13 of the Wisconsin Constitution "The property of no person shall be taken for public use without just compensation therefore."

31. At all relevant times, Defendants had a duty and obligation to comply with the Wisconsin Constitution when conducting foreclosure proceedings pursuant to the Statute.

32. Plaintiff owned private property, in the form of the Mortgage, protected from public taking without just compensation by Article 1, Section 13 of the Wisconsin Constitution.

33. The Property subject to Plaintiff's Mortgage was foreclosed upon pursuant to Wis. Stat. § 75.19.

34. At the time the Property was foreclosed upon, its fair market value exceeded the amount of taxes owed on it.

35. When the Property was foreclosed, Plaintiff did not receive any compensation to account for the amount that the fair market value of the Property exceeded the amount of taxes owed on the Property.

36. Accordingly, through use of the tax foreclosure procedure under Wis. Stat. § 75.19, Defendants, acting under color of law, took Plaintiff's property without just compensation.

37. The Property was not taken in time of war or for any other public exigency imperatively requiring its immediate seizure, or for the purpose of making or repairing roads.

38. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in the amount by which the fair market value of the Property foreclosed upon exceeded the total amount of the impositions attributable to the Property.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this Court to grant it judgment against Defendants as follows:

1) For damages equal to the amount the fair market value of the Property exceeded the total delinquent taxes, penalties, interest, and other allowable charges owed on the Property at the time of the taking, or in the alternative, the amount the sales proceeds realized by Defendants exceeded the total delinquent taxes, penalties, interest, and other allowable charges owed on the Property;

2) Interest on the amount awarded from August 27, 2019;

3) Plaintiff's attorneys' fees and costs; and

4) Such other and further relief as may be available either at law or in equity.

Respectfully, submitted,

/s/ Casey Cross
Casey Cross (SBN: 1113936)
C.H. Law, LLC
11247 224th Ave
Bristol, WI 53104
262-221-3694
ccross@chlawllc.com

(pro hac vice admission anticipated)
Marc E. Dann (0039425)
DannLaw
P.O. Box. 6031040
Cleveland, Ohio 44103
(216) 373-0539 telephone
(216) 373-0536 facsimile
notices@dannlaw.com

7