IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

US BANK TRUST, NATIONAL
ASSOCIATION, AS TRUSTEE OF
AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES
2015A+,

        Plaintiff,

vs.

WALWORTH COUNTY, WISCONSIN,

and

VALERIE ETZEL
WALWORTH COUNTY TREASURER,

        Defendants.

Case No. 2:21-cv-00451

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**NOW COMES** the Defendants, WALWORTH COUNTY, WISCONSIN, and VALERIE ETZEL as WALWORTH COUNTY TREASURER, ("Walworth County" and "Treasurer" individually and "Defendants" collectively), by and through its attorney, Walworth County Corporation Counsel by Walworth County Assistant Corporation Counsel Peter M. Navis, and as for an Answer and Affirmative Defenses to the Complaint of Plaintiff, states and alleges as follows:

    1.    Defendants allege that the statements made in paragraph 1 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent any statement in paragraph 1 of Plaintiff's Complaint contains factual allegations, Defendants ADMIT that Walworth County has adopted Wis. Stat. § 75.521 as the method for enforcing the collection of tax liens, the taking of tax title in the name of Walworth County to tax delinquent lands, and the perfecting of such tax

title in Walworth County as provided for within Wis. Stat. § 75.521 and that Walworth County acts within its governmental capacity and under color of state law in its actions under Wis. Stat. § 75.521. Defendants DENY any other factual allegations in paragraph 1 of Plaintiff's Complaint and puts the Plaintiff to its proof thereon.

2. Defendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 2 of the Plaintiff's Complaint, and therefore DENIES the same and puts the Plaintiff to its proof thereon.

3. Defendants ADMIT the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. Defendants ADMIT the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants allege that the statements made in paragraph 5 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent any statement in paragraph 5 of Plaintiff's Complaint contains factual allegations, Defendants DENY the allegations that this action arises under the enumerated statutory and constitutional provisions and that this Court has jurisdiction under 28 U.S.C. §§ 1331, 1367. Defendants affirmatively allege that any cause of action and claim of the Plaintiff ultimately arises out of the procedures in Wis. Stat. § 75.521; that the Plaintiff's actual claim rises out of Wis. Stat. § 75.521(14a); that the Circuit Courts of Wisconsin have exclusive jurisdiction for a cause of action and claim available under Wis. Stat. § 75.521(14a); that the Plaintiff's claims ultimately raise novel or complex issues of state law; and that the Plaintiff's claims substantially predominate over its claims under federal law.

6. Defendants allege that the statements made in paragraph 6 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent any statement in paragraph 6 of Plaintiff's Complaint contains factual allegations, Defendants ADMIT the allegations contained

within the second sentence, but DENY the allegations in the first sentence that venue is proper in this District based on the response in paragraph 5 of this Answer regarding jurisdiction of this action.

7. Defendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 7 of the Plaintiff's Complaint, and therefore DENIES the same and puts the Plaintiff to its proof thereon.

8. Defendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 8 of the Plaintiff's Complaint, and therefore DENIES the same and puts the Plaintiff to its proof thereon, except that Defendants ADMIT that on May 15, 2018, a document titled "Assignment of Mortgage/Deed of Trust" was filed in the Walworth County Register of Deeds as Document # 967052, a copy of which is attached to the Plaintiff's Complaint as part of Exhibit B, and which states, in part, that Plaintiff, with an address of "819 S. Wabash Avenue Suite 606 Chicago, IL 60505" became the Assignee of the mortgage of the subject property. Defendants affirmatively allege that Document # 967052 provides the last-known address of the mortgagee of record.

9. Defendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 9 of the Plaintiff's Complaint, and therefore DENIES the same and puts the Plaintiff to its proof thereon. Defendants affirmatively allege that by virtue of the Default Judgment entered by the Walworth County Circuit Court in Walworth County Case No. 19 CV 75, on June 17, 2019, and Wis. Stat. § 75.521(8), Plaintiff is, as of June 17, 2019, forever barred and foreclosed of any right, title, interest, claim, lien or equity of redemption in the subject property.

10. Defendants ADMIT the allegations contained in paragraph 10 of Plaintiff's Complaint, to the extent that the quoted language in paragraph 10 is in the Mortgage, as attached

as Exhibit A to the Plaintiff's Complaint, but Defendants DENY any inference that the quoted language has any application in this case.

11. Defendants ADMIT the allegation in paragraph 11 of Plaintiff's Complaint that the subject property became tax delinquent for the tax years 2010, 2011, and 2012, but DENY the allegation that total taxed owed for those years was less than $2,000.00. Defendants affirmatively allege that the total debt owed for those three delinquent years, including tax, interest, and penalties, exceeded $6,200.00, when it was paid off by the then-mortgagee; that the subject property also became delinquent for tax year 2013 and the total debt owed, including tax, interest, and penalties, exceeded $3,200.00, when it was paid off by the then-mortgagee on April 30, 2017; that the subject property became tax delinquent for the tax years 2014, 2015, 2016, and 2017, and the total debt owed, including tax, interest, and penalties, as of September 25, 2018, was $17,489.93; and that the subject parcel was included in the In Rem proceeding in Walworth County Case No. 19 CV 75 pursuant to Wis. Stat. § 75.521 as a result of the delinquent taxes for tax years 2014-2017, inclusive.

12. Defendants ADMIT the allegation in paragraph 12 of Plaintiff's Complaint that the tax lien for the tax years 2014-2017, inclusive, were foreclosed through an In Rem action, as identified in paragraph 11 of this Answer and that the subject property was not redeemed as permitted by law and was subsequently sold at public auction, but DENY all other allegations in paragraph 12 of Plaintiff's Complaint. Defendants affirmatively allege that Walworth County followed the requirements of Wis. Stat. § 75.521 to enforce the collection of the tax liens and to take tax title of the subject property.

13. Defendants ADMIT the allegations in paragraph 13 of Plaintiff's Complaint that the subject property was sold by public auction to Shirley E. Nalevac as the highest bidder in the amount of $31,500.00; the bids were opened on August 27, 2019; and that Walworth County issued

a quit claim deed to Shirley E. Nalevac, which was conveyed and recorded on September 27, 2019, but DENY all other allegations in paragraph 13.

14. Defendants ADMIT the allegations in paragraph 14 of Plaintiff's Complaint that Walworth County retained the full sale proceeds, including all sums in excess of the total taxes, interest, penalties, and fees owed on the subject parcel, to apply to that total sum with the remainder deposited in the County's general fund, but DENY all other allegations in paragraph 14.

15. Defendants allege that the statements made in paragraph 15 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent any statement in paragraph 15 of Plaintiff's Complaint contains factual allegations, Defendants DENY any factual allegations in paragraph 15.

16. Defendants repeat and re-allege paragraphs 1-15 of this answer with the same force and effect as though fully set forth herein.

17. Defendants allege that the statements made in paragraph 17 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent any statement in paragraph 17 of Plaintiff's Complaint contains factual allegations, Defendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 17 of the Plaintiff's Complaint, and therefore DENY the same and puts the Plaintiff to its proof thereon.

18. Defendants ADMIT the allegation in paragraph 18 of Plaintiff's Complaint. Defendants affirmatively allege that Plaintiff was afforded due process of law prior to the entry of the Default Judgment in Walworth County Case No. 19 CV 75.

19. Defendants ADMIT the allegation in paragraph 19 of Plaintiff's Complaint.

20. Defendants allege that the statements made in paragraph 20 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent any statement in paragraph 20 of Plaintiff's Complaint contains factual allegations, Defendants ADMIT any factual allegations

in paragraph 20.

21. Defendants DENY the allegations in paragraph 21 of Plaintiff's Complaint.

22. Defendants ADMIT the allegation in paragraph 22 of Plaintiff's Complaint that the subject property was foreclosed, but DENY the allegation that the foreclosure was pursuant to Wis. Stat. § 75.19.

23. Defendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 23 of the Plaintiff's Complaint, and therefore DENY the same and puts the Plaintiff to its proof thereon.

24. Defendants DENY the allegation in paragraph 24 that the Mortgage was foreclosed upon, but ADMIT the allegation that Plaintiff did not receive "any compensation" out of the In Rem proceeding in Walworth County Case No. 19 CV 75. Defendants affirmatively allege that Plaintiff had notice of the In Rem proceeding and failed to file any answer in the In Rem proceeding or to redeem the property as permitted under Wis. Stat. § 75.521.

25. Defendants allege that the statements made in paragraph 25 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent any statement in paragraph 25 of Plaintiff's Complaint contains factual allegations, Defendants DENY any factual allegations in paragraph 25 of Plaintiff's Complaint. Defendants affirmatively allege that Walworth County complied with Wis. Stat. § 75.521.

26. Defendants allege that the statements made in paragraph 26 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent any statement in paragraph 26 of Plaintiff's Complaint contains factual allegations, Defendants DENY any factual allegations in paragraph 26 of Plaintiff's Complaint.

27. Defendants allege that the statements made in paragraph 27 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent any statement in paragraph 27

of Plaintiff's Complaint contains factual allegations, Defendants DENY any factual allegations in paragraph 27 of Plaintiff's Complaint.

28. Defendants allege that the statements made in paragraph 28 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent any statement in paragraph 28 of Plaintiff's Complaint contains factual allegations, Defendants DENY any factual allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendants repeat and re-allege paragraphs 1-28 of this Answer with the same force and effect as though fully set forth herein.

30. Defendants ADMIT the allegation in paragraph 30 of Plaintiff's Complaint.

31. Defendants allege that the statements made in paragraph 31 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent any statement in paragraph 31 of Plaintiff's Complaint contains factual allegations, Defendants ADMIT any factual allegations in paragraph 31.

32. Defendants DENY the allegations in paragraph 32 of Plaintiff's Complaint.

33. Defendants ADMIT the allegation in paragraph 33 of Plaintiff's Complaint that the subject property was foreclosed, but DENY the allegation that the foreclosure was pursuant to Wis. Stat. § 75.19.

34. Defendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 34 of the Plaintiff's Complaint, and therefore DENY the same and puts the Plaintiff to its proof thereon.

35. Defendants DENY the allegation in paragraph 35 that the mortgage was foreclosed upon, but ADMIT the allegation that Plaintiff did not receive "any compensation" out of the In Rem proceeding in Walworth County Case No. 19 CV 75. Defendants affirmatively allege that the Plaintiff had notice of the In Rem proceeding and failed to file any answer in the In Rem

proceeding or to redeem the property as permitted under Wis. Stat. § 75.521.

36. Defendants allege that the statements made in paragraph 36 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent any statement in paragraph 36 of Plaintiff's Complaint contains factual allegations, Defendants DENY any factual allegations in paragraph 36 of Plaintiff's Complaint. Defendants affirmatively allege that Walworth County complied with Wis. Stat. § 75.521.

37. Defendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 37 of the Plaintiff's Complaint, and therefore DENIES the same and puts the Plaintiff to its proof thereon.

38. Defendants allege that the statements made in paragraph 38 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent any statement in paragraph 38 of Plaintiff's Complaint contains factual allegations, Defendants DENY any factual allegations in paragraph 38 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

39. Defendants, by and through their attorney, Walworth County Corporation Counsel, repeat and re-allege paragraphs 1-38 of this Answer with the same force and effect as though fully set forth herein and assert the following affirmative defenses:

    A. Lack of jurisdiction over the subject matter.

    B. Lack of jurisdiction over the person or property.

    C. Improper Venue.

    D. Failure to state a claim upon which relief can be granted.

    E. Res judicata.

    F. Estoppel.

    G. Laches.

H. Statute of limitations.

I. Forfeiture.

J. Failure to mitigate damages.

WHEREFORE, Defendants, WALWORTH COUNTY, WISCONSIN and VALERIE ETZEL as WALWORTH COUNTY TREASURER, demand judgment as follows:

a. Dismiss Plaintiff's Complaint with prejudice;

b. Award statutory costs; and

c. Grant such further relief as may be appropriate.

DATED this 13th day of May, 2021.

WALWORTH COUNTY CORPORATION COUNSEL
Attorneys for Defendants WALWORTH COUNTY, WISCONSIN and VALERIE ETZEL as WALWORTH COUNTY TREASURER

By: <u>Electronically signed by Peter M. Navis</u>
Peter M. Navis
Assistant Corporation Counsel
State Bar No. 1066741

Drafted by:

Assistant Corporation Counsel Peter M. Navis
State Bar No. 1066741
Walworth County Judicial Center
1800 County Road NN
P O Box 1001
Elkhorn, WI 53121-1001
corpcounsel@co.walworth.wi.us
Phone: 262.741.7221
Fax: 262.741.7224