IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

US BANK TRUST, NATIONAL
ASSOCIATION, AS TRUSTEE OF
AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES
2015A+,

        Plaintiff,

vs.

Case No. 2:21-cv-00451

WALWORTH COUNTY, WISCONSIN,

and

VALERIE ETZEL
WALWORTH COUNTY TREASURER,

        Defendants.

**DEFENDANTS WALWORTH COUNTY AND WALWORTH COUNTY TREASURER'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

**INTRODUCTION**

US Bank Trust, National Association, as Trustee of American Homeowner Preservation Trust Series 2015A+ (hereinafter referred to as "US Bank") is the former mortgagee to a married couple who owned a residential property in the City of Delavan. Property taxes for the years 2014, 2015, 2016, and 2017 went unpaid so Walworth County filed an action In Rem against the property pursuant to Wis. Stat. § 75.521 (hereinafter referred to as "In Rem"). US Bank, a knowledgeable and sophisticated national corporation, failed to protect its property interests by pursuing its own timely foreclosure and by failing to redeem the property consistent with proper statutory and constitutional due process afforded to it through the In Rem proceeding. Rather than proactively

1

secure its interest through the numerous protections that the Wisconsin Statutes afford mortgagees prior to and throughout the In Rem procedures, US Bank is now, over two years post judgment, seeking relief from this Court under the guise of a takings claim. This claim fails because Walworth County obtained fee simple to the property consistent with the clear legislative intent of Wis. Stat. § 75.521(8) that the In Rem judgment "bar former owners and quiet title thereon." Since US Bank had no claim to any surplus property at the time of the post judgment sale, there has been no taking by Walworth County.

When analyzing US Bank's taking claim, it is important to identify what US Bank is not challenging. US Bank is not challenging Wisconsin's right to levy taxes, to assess penalties, fees, and interest on unpaid taxes, or to collect any of these amounts. US Bank does not challenge any part of the notice or process it received relating to the tax obligations of the property. It does not argue that it was unaware of the amount due, that it was unable to pay it, or that it was denied the opportunity to pay it. It also does not challenge Walworth County's acquisition of the title to the property as a result of a failure to pay taxes. US Bank solely seeks surplus proceeds from the post-judgment sale. To this end, it cannot prevail. The Wisconsin Statutes clearly extinguish the Bank's former lien long before the sale. Wis. Stat. § 75.521(8). The only interest that is reestablished by statute post-sale is a surplus interest to former homestead property owners. 75.36(4). The Wisconsin Legislature also outlines the framework for how surplus proceeds are to be distributed and a former mortgagee or lienholder's interests are not listed. Wis. Stat. § 75.36(3).

US Bank wrongly asserts that it, as mortgagee with ample opportunity to secure its interest through its own foreclosure, and notice and due process through the In Rem foreclosure process, still maintains an interest in surplus proceeds by virtue of the U.S. and Wisconsin Constitutions. However, neither the statute at issue nor the Wisconsin or Federal Courts have recognized such

interest to survive at the time the property is re-sold or thereafter. To the contrary, the U.S. Supreme Court has declined to recognize a former property owner's fundamental interest in the surplus by virtue of a prior ownership interest in a forfeited property when the owner had notice and due process. *Tyler v. Hennepin Cnty.*, 505 F. Supp. 3d 879, 893 (D. Minn. 2020).

The Wisconsin Court of Appeals has already considered and squarely denied US Bank's constitutional taking claim, even when the Plaintiffs in that case were the property owners themselves, as opposed to a corporate national bank. *Ritter v. Ross*, 207 Wis. 2d 476, 558 N.W.2d 909 (Ct. App. 1996). This case is directly on point and dispositive of US Bank's claim. That Court found the In Rem statute to be constitutionally adequate and found that the county's receipt of surplus proceeds was not a taking. *Id.*, at 491.

The Supreme Court of Wisconsin has similarly found that the effect of a foreclosure judgment In Rem under Wis. Stat. § 75.521(8) is to "extinguish *all* rights, titles, and interests in the property subject to the foreclosure" which, in that case, included a claim based on adverse possession for a claimant that had no notice on the In Rem action. *Leciejewski v. Sedlak*, 116 Wis. 2d 629, 640, 342 N.W.2d 734 (Wis. 1984).

### I. WISCONSIN'S PROPERTY TAX FORFEITURE LAW

Wisconsin law balances the competing interests of owners and lienholders with that of the State and local units of government. With these interests in mind, the Wisconsin Legislature skillfully constructed a fair procedure with appropriate notice and opportunity for property owners and lienholders to avoid foreclosure.

The county treasurer has the responsibility for collecting general property taxes. Wis. Stat. § 74.07. Annually, the treasurer mails each property tax bill to the taxpayer by the third Monday in December. Wis. Stat. § 74.09(5). Property taxes are to be paid in full on or before January 31

3

of the following year, or made in two equal installments, with the first installment payable on or before January 31 and the second installment payable on or before July 31. Wis. Stat. § 74.11(2). The property taxes are considered delinquent as of February 1 if the first installment is not received on or before five working days after the due date of January 31. Wis. Stat. § 74.12(7). If property taxes remain delinquent as of August 31, the county treasurer must issue a tax certificate annually on September 1.

Notice of the issuance of tax certificate is given to the owner. Wis. Stat. § 74.59(1)(a)4. The notice must warn:

> [F]ailure to pay the delinquent real property taxes, special charges, special taxes or special assessments will result in eventual transfer, no earlier than 2 years after issuance of the tax certificate, of the ownership of the property to the county.

*Id*. This notice is sent by mail to each owner of record, as shown on the tax roll, within 90 days after issuance. *Id*. The issuance of the tax certificate starts a timeline of two years after which the county is allowed to commence an action to foreclose the tax lien using the In Rem process outlined in Wis. Stat. § 75.521.

The In Rem process has numerous notice requirements that must be met before a county can obtain judgment. The first step of the In Rem process is that the county treasurer files a list in the clerk of court's office of the properties affected by unpaid tax liens along with a petition to the circuit court for "judgment vesting title to each of said parcels of land in the county, as of the date of entry of judgment and *barring any and all claims whatsoever ...* ." Wis. Stat. § 75.521(3)(am)4. (emphasis added). The list must describe each parcel, contain the names of the last known owner(s) and mortgagee(s) of the parcel, and a statement of the amount of the principal sum of each tax lien.

4

The second requirement of the In Rem process is the posting of tax liens in the treasurer's office. Wis. Stat. § 75.521(3)(b). This is followed by the third requirement that the county treasurer send a copy of the petition and description of the tax lien of each parcel by registered or certified mail, return receipt requested, to the last known address of each owner and mortgagee of record. Wis. Stat. § 75.521(3)(c).

The last step of the notice requirements for In Rem is that of public notice of the minimum eight-week redemption period.[1] Wis. Stat. § 75.521(6). The county treasurer shall cause such notice of the filing of the In Rem list in the clerk of court's office along with a petition and the list of tax liens be published as a class 3 notice. *Id*. Said notice must contain a provision stating that all persons having or claiming to have any right, title or interest in or lien upon the real property described in the list of tax liens, may redeem the property by paying to the county all such unpaid liens and reasonable expenses incurred by the county treasurer to initiate the proceedings. *Id*.

All such notice requirements must be affirmed by the filing of an affidavit of the county treasurer in the circuit court. Wis. Stat. § 75.521(9).

A lienholder, such as US Bank, has two options to protect its interest. First, it has a minimum of eight weeks from the first public notice publication during which it can redeem the property by paying only the years due on the petition. Wis. Stat. § 75.521(5)[2]. Alternatively, it could file an answer in the circuit court on one or more of three prescribed grounds. Wis. Stat. § 75.521(7). This answer must be filed within 30 days from the last date of redemption. *Id*.

The circuit court then has a "duty" to enter judgment in default cases where a property owner or anyone having an interest in the property fails to redeem the property or file a timely

---

[1] The redemption period must be a minimum of eight weeks from the date of the first publication of the notice. Wis. Stat. § 75.521(6).
[2] Years 2014 and 2015 were plead in the In Rem petition in Walworth County Circuit Court Case No. 19 CV 75.

5

answer. Wis. Stat. § 75.521(8). Owners and interests are then "forever barred and foreclosed of all right, title and interest and equity of redemption." *Id*. The circuit court renders final judgment ordering and adjudging that a fee simple absolute in such lands vests in the county. *Id*.

The county is then allowed to sell tax delinquent properties after publication of a class 3 notice and only if the highest bid exceeds the appraised value. Wis. Stat. § 75.69(1). A homestead owner is entitled to notice and an opportunity to claim a share of the proceeds. Wis. Stat. §§ 75.36(2m), 75.36(4). Distribution of sale proceeds is otherwise outlined in Wis. Stat. § 75.36(3) which does not include any notice or opportunity for former lienholders to claim a share of the proceeds. Walworth County Ordinance Section 62-44 also provides a preference to former owners in tax sales.[3] If a former owner makes payment of the delinquent taxes, penalties, fees and charges by 5:00 pm on the day before the county treasurer awards the sale of the lands, the former owner is re-conveyed their land in the form of an amended judgement removing the property from the In Rem.

In summary, the In Rem protects the interest of the individual property owner by providing years of past due notices, months of time before the In Rem to redeem the property prior to judgment, and months after the In Rem judgment to "repurchase" the property pursuant to the ordinance. These interests are balanced against the need for government taxation to provide law enforcement, safe roads, schools, and other services for the community at large.

## II. FACTUAL BACKGROUND

---

[3] See WALWORTH CTY., WIS., CODE OF ORDINANCES Sec. 62-44. This ordinance is within the public record and can be found at the following location: https://library.municode.com/wi/walworth_county/codes/code_of_ordinances?nodeId=WACOCOOR_CH62TA_ARTIIPRTA

A.   **Walworth County Circuit Court Case No. 19 CV 75 Action In Rem[4]**

Walworth County has adopted the In Rem process outlined in Wis. Stat. § 75.521 as the method for enforcing the collection of tax liens. Walworth County Code of Ordinances Sec. 62-41.[5] The property for which US Bank seeks post In Rem judgment sale proceeds is a single-family residence located at 926 East Wisconsin Street, Delavan, WI 53115, Tax Parcel No. XHE 00004 (hereinafter referred to as "the property"). ECF 1, ¶7. A husband and wife, Jesus S. Casillas and Francisca R. Casillas, obtained a mortgage in the amount of $91,000 in 2005. ECF 1, ¶7, Exh. B, Pg. 24. US Bank Trust obtained the mortgage through assignment in 2017 and thus had an interest in the property through its lien. ECF 1, ¶8, Exh. B. Taxes from the years 2014 and 2015 went unpaid. ECF 6, ¶11.

Pursuant to Rule 201(b) of the Federal Rules of Evidence, the Defendants hereby ask this Court to take judicial notice of Walworth County Circuit Court Case No. 19 CV 75 and its certified court record, pleadings, and orders entered therein, as they are foundational to the claims alleged in this matter and the adjudicative facts are not in dispute. It is also essential that this Court has proof that the Defendants complied with the statutory requirements of the In Rem process described above and is furthermore important that this Court have a general timeline of the proceeding. The List of Tax Liens of Walworth County Being Foreclosed by Proceeding In Rem 2019 Number One and Petition, Pg. 35, is attached hereto as Exhibit A[6].

---

[4] As allowed by *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013), these facts are deduced from the Complaint, documents that are central to the Complaint and referenced therein, and information that is properly subject to judicial notice.

[5] See WALWORTH CTY., WIS., CODE OF ORDINANCES Sec. 62-41. This ordinance is within the public record and can be found at the following location:
https://library.municode.com/wi/walworth_county/codes/code_of_ordinances?nodeId=WACOCOOR_CH62TA_ARTIIPRTA

[6] Exhibits A, B, C, D, and E are all certified records found within Walworth County's 2019 In Rem, Circuit Court Case No. 19 CV 75.

The property remained tax delinquent for the tax years 2016 and 2017, and the total debt owed, including tax, interest, and penalties, as of September 25, 2018, was $17,489.93. ECF 6, ¶11. The property was included in the In Rem proceeding in Walworth County Case No. 19 CV 75 pursuant to Wis. Stat. § 75.521 as a result of the delinquent taxes for tax years 2014-2017, inclusive. ECF 6, ¶11, Exh. A. Walworth County, through its Treasurer, Valerie Etzel, followed the requirements of Wis. Stat. § 75.521 to enforce the collection of the tax liens. Affidavit of Filing and Posting filed February 1, 2019, attached hereto as Exhibit B; Affidavit of Mailing and Compliance with Statute Section 75.521 filed February 8, 2019, attached hereto as Exhibit C; and Affidavit of Publication filed February 21, 2019, attached hereto as Exhibit D. US Bank had notice of the In Rem proceeding and failed to file any answer in the In Rem proceeding or to redeem the property as permitted under Wis. Stat. § 75.521. Default Judgment filed June 17, 2019, Pg. 2, attached hereto as Exhibit E. By virtue of the Default Judgment entered by the Walworth County Circuit Court in Walworth County Case No. 19 CV 75 on June 17, 2019, and Wis. Stat. § 75.521(8), US Bank is, as of June 17, 2019, forever barred and foreclosed of any right, title, interest, claim, lien or equity of redemption in the subject property. ECF 6, ¶9; Exh. E, Default Judgment filed June 17, 2019.

### B. US Bank's Foreclosure Action under Wisconsin Statutes Chapter 846.

Defendants further ask this Court to take judicial notice of Walworth County Circuit Court Case No. 18 CV 315 and its certified pleadings, orders, and court record attached herein, as the adjudicative facts are not subject to reasonable dispute, and are highly relevant to the issues in this matter. US Bank's Complaint alleges numerous facts from its mortgage in Paragraphs 7, 8, and 11. ECF 1. Similarly, paragraph 24 of US Bank's Complaint alleges that "[w]hen the *Mortgage* was foreclosed upon, Plaintiff did not receive any compensation to account for the amount that the

value of the property exceeded the amount of impositions on their properties." ECF 1 (emphasis added). The only *mortgage* foreclosure that occurred on the property involving any of the parties to this suit is one in which US Bank pursued under the Real Estate Foreclosure Laws within Chapter 846 of the Wisconsin Statutes in Walworth County Circuit Court Case No. 18 CV 315 against the owners, Jesus and Francisca Casillas. Walworth County Circuit Court Case No. 18 CV 315 is particularly relevant to the Defendants' position that US Bank had many opportunities to protect its interest in the property long before the Defendants filed the 2019 In Rem against the property.

As referenced in the Plaintiff's Complaint, the original mortgage was for an amount of $91,000. ECF 1, ¶7. US Bank filed a foreclosure on mortgage action in Walworth County Circuit Court Case No. 18 CV 315 on May 15, 2018.[7] Summons and Complaint filed May 15, 2018, attached hereto as Exhibit F. After obtaining a default judgment on August 22, 2018, US Bank was the highest bidder at the Sheriff's sale at a sum of $68,097.60. Findings of Fact, Conclusion of Law and Judgment filed August 23, 2018, attached hereto as Exhibit G. US Bank then sought confirmation of such sale by motion, and obtained such order on May 20, 2019 totaling the judgment to US Bank in the amount of $215,775.50. Notice of Motion and Motion to Confirm Sale and for Additions to Judgment, attached hereto as Exhibit H; Affidavit in Support of Motion to Confirm Sale and for Additions to Judgment, attached hereto as Exhibit I. US Bank then had 10 business days to pay the Court the applicable Wisconsin Real Estate Transfer Tax and recording fees. Order filed May 20, 2019, attached hereto as Exhibit J. Those 10 business days would bring US Bank to on or about June 4, 2019.

---

[7] Exhibits F, G, H, I, and J will all be from Walworth County Circuit Court Case No. 18 CV 315.

Payment of the Real Estate Transfer Tax and recording fees, however, were never followed through with by US Bank. This fact is important because US Bank could have completed its foreclosure over a week and a half before the County's default judgment In Rem was granted on June 17, 2019. Why US Bank did not follow through with the last piece of their own foreclosure action is unknown, but it demonstrates the opportunity that US Bank had to secure its interest in the property. The dollar amount of US Bank's interest, per US Bank at the time of its foreclosure order, was an amount greater than 237% of the original loan granted to Jesus S. Casillas and Francisca R. Casillas.[8]

### C. *Tyler v. Hennepin County*, United States Court of Appeals for the Eight Circuit, No. 20-3730, Decision Pending.

This Court should be aware that the United States Court of Appeals for the Eighth Circuit is currently reviewing the constitutionality of the Minnesota property tax forfeiture law, Minn. Stat. § 279, which has a very similar procedure for notice, publication, an opportunity to answer, and period of redemption before title transfers to the county. *Tyler v. Hennepin County*, United States Court of Appeals for the Eighth Circuit, No. 20-3730, on Appeal from the District of Minnesota, Case No. 20-CV-0889 (PJS/BRT). One issue raised on appeal is whether a former property owner, Geraldine Tyler, has an interest in the surplus equity after title was lawfully forfeited to the county. *Id*., Appellant's Brief, ECF Entry ID 5017271. The District Court determined that the property owner had no taking claims because no provision of a constitution, statute or municipal code maintained that interest. *Tyler*, 505 F. Supp. 3d at 892. Briefing submitted to the Court and under consideration include a Brief and Reply Brief of the Appellant, a Response Brief by Hennepin County - Appellee, a Brief of International Municipal Lawyers

---

[8] $215,775.50 (amount US Bank claimed judgment for in Walworth County Circuit Court Case No. 18 CV 315) is just over 237% of $91,000 (amount of the original mortgage).

10

Association as Amicus Curiae in support of Appellees, and a Brief of Amici Curiae AARP and AARP Foundation supporting Appellant. *Tyler v. Hennepin County*, United States Court of Appeals for the Eighth Circuit, No. 20-3730, on Appeal from the District of Minnesota, Case No. 20-CV-0889 (PJS/BRT), ECF Entry ID 5017217, 5019957, 5039030, 5041374, 5041376, 5045550. Oral argument has been granted but has not yet been scheduled. *Id*., Appellant's brief, ECF Entry ID 5017271.

## **LEGAL STANDARD**

"Rule 12(c) permits a party to move for judgment on the pleadings after the complaint and answer have been filed by the parties." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing Fed R. Civ P. 12(c)). Motions for judgment on the pleadings are governed by the same standards as motions to dismiss for failure to state a claim under Rule 12(c) except that the former requires consideration of all the pleadings. *Stockbridge-Munsee Community. v. State of Wis*., 299 F. Supp. 3d 1026, 1030 (W.D. Wis. 2017).

In a motion for judgment on the pleadings, this Court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice. *Williamson*, 714 F.3d at 436, 443.

When a defendant moves for judgment on the pleadings, the plaintiff's complaint must satisfy two conditions. First, "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (internal citations omitted). Second, it must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Id*.

# ARGUMENT

I.  **US Bank lost any interest it had in the property at the time of the judgment when Wisconsin law vested Walworth County with an estate in fee simple absolute.**

US Bank's constitutional taking claims under both the U.S. Constitution and the Wisconsin Constitution fail because it cannot show that it had an interest in the property at the time it was sold. The Fifth Amendment of the U.S. Constitution and Article I, Section 13 of the Wisconsin Constitution are similar in that both require just compensation for property taken for public use.[9]

To maintain an unconstitutional takings claim, four factors must be demonstrated: 1) a property interest exists; 2) the property interest has been taken; 3) the taking was for public use; and 4) the taking was without just compensation. *Adams Outdoor Advert. Ltd. P'ship v. City of Madison*, 2018 WI 70, 382 Wis. 2d 377, 914 N.W.2d 660, 16-0537. US Bank "can prevail only if the 'taking' occurred while [it] was the owner." *United States v. Dow*, 357 U.S. 17, 20 (1958); *Ritter*, 207 Wis. 2d 476, 558 N.W.2d 909 (Ct. App. 1996). "The claimant in a takings action bears the responsibility for establishing a compensable property interest." *Page v. United States*, 51 Fed. CL. 328, 336 (2001). US Bank fails to establish what source of law gives it a right to the surplus it is asking this Court to find was taken.

Property interests "are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law -- rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2708-09 (1972). "Because the Constitution protects rather than creates property interests, the existence of

---

[9] "[N]or shall private property be taken for public use, without just compensation." US Constitution, Amendment V; "The property of no person shall be taken for public use without just compensation therefor." Wis. Const. Article I, § 13.

a property interest is determined by reference to 'existing rules or understandings that stem from an independent source such as state law.'" *Phillips v. Wash. Legal Found.,* 524 U.S. 156 164, 118 S. Ct. 1925, 1930 (1998) (citing *Roth,* 408 U.S. at 577). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth,* 408 U.S. at 577. If a protected property interest exists under state law, a court then must determine what process is due to protect that interest. *See Shango v. Jurich*, 681 F.2d 1091, 1097-98 (7th Cir. 1982) (citing *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893 (1976)).

By state law, Walworth County, not US Bank, was the lawful owner in fee simple absolute at the time that the proceeds became available. Wis. Stat. § 75.752(8). After notice and due process within the In Rem case, US Bank's interest was terminated. Walworth County was then vested with the right to keep the proceeds and distribute them according to the requirements outlined for it by state statute. Wis. Stat. § 75.36(3).

The Wisconsin Legislature's intent for the In Rem process is clear through the language of the statute, Wis. Stat. § 75.521. The Legislature's choice of words is telling and conveys its intent that US Bank retain no rights or interest "whatsoever" after the county obtained the property through judgment. Wis. Stat. § 75.521(3)(am)4. For In Rem, "[n]o personal judgment shall be entered against any person having or claiming to have any right, title or interest in or lien upon said lands." Wis. Stat. § 75.521(8) "Such judgment shall have the effect of the issuance of a tax deed or deeds and of judgment to *bar former owners and quiet title thereon*." Wis. Stat. §75.521(8) (emphasis added).

Specific to the rights of a lienholder such as US Bank, the Legislature declared, in the event of the failure to redeem or answer by any person having the right to redeem or answer, such person

"shall be forever barred and foreclosed of all right, title and interest and equity of redemption in and to the parcel described in such list of tax liens." Wis. Stat. § 75.521(8). The Court must then "render final judgment ordering and adjudging that the county is vested with an estate in fee simple absolute in such lands… ." *Id*. The clarity of this language cannot be ignored. US Bank is *forever barred and foreclosed* of their former interest in the property.

The United States Supreme Court has rejected the constitutional claim that US Bank makes here. The Supreme Court held that the Constitution does not prevent the government from keeping a foreclosure sale's surplus proceeds if "adequate steps" are taken to notify the owner of the delinquency and foreclosure proceedings. *Nelson v. City of N.Y.*, 352 U.S. 103, 110, 77 S. Ct. 195 (1956). In *Nelson*, the New York City Code allowed foreclosure of liened parcels after a seven week redemption period as well as an additional 20 day answer period, and provided the owner an opportunity to demonstrate a right to surplus. *Id*., at 104. Specifically, the owner must file an answer and show that his interest in the property exceeded the amounts owed. The Court could then award surplus to the owner. *Id*., at 110. The Court determined that where an owner failed to take any action to protect his interest, however, the government obtained "an estate in fee simple absolute" in which any person that had a right in the property was "barred and forever foreclosed" of that right. *Id*. The Court held that "nothing in the Federal Constitution prevents [retention of post judgment sale proceeds] where the record shows adequate steps were taken to notify the owners of the charges due and the foreclosure proceedings." *Id*. The holding of *Nelson* applies here. US Bank is not challenging the adequacy of the notice and it failed to take any action to protect its interest in the In Rem process.

Wisconsin Courts have affirmed the legislative intent to extinguish rights of the owner at the time the county takes judgment in the property. The Wisconsin Supreme Court concluded that

14

Case 2:21-cv-00451-SCD   Filed 09/09/21   Page 14 of 20   Document 14

the language within Wis. Stat. § 75.521 is a "clear intent" to foreclose all rights, titles, interest, liens, and claims in the property. *Leciejewski*, 116 Wis. 2d at 640. The Court held that "[j]udgment under this section extinguishes all rights, titles, and interest in foreclosed property." *Id*.

The takings challenge that US Bank makes here has previously been litigated and denied in Wisconsin Courts. The Court should find that *Ritter v. Ross* is dispositive of this case. In *Ritter*, property owners sued Rock County seeking to void a tax foreclosure and sale of a non-homestead parcel they owned. The Ritters' claims included a violation of the Takings Clause of the Fifth Amendment based on the county's retention of the sale proceeds. *Ritter,* at 478-479. The Court found the Constitutional issue to be dispositive in that Helen Ritter, who was a licensed real estate salesperson and broker for approximately 30 years, nor her husband, took any action after receiving the Notice of Commencement of Proceedings In Rem To Foreclose Tax Liens by Rock County. *Id*., at 483. The Court noted that Helen Ritter "understood that unpaid or underpaid real estate taxes could lead to foreclosure" yet neither she nor her husband responded to the notice or appeared in any way in the proceedings. *Id*. Judgment was entered and the county later sold the property, applied the proceeds of the sale to the taxes due, and retained the surplus. *Id*., at 484.

US Bank's taking claim similarly fails as it did not appear in any way in the proceeding and arguably, US Bank would have even more knowledge as to the property tax law in Wisconsin than a real estate agent/property owner such as Helen Ritter. "It is well established that persons owning property within a State are charged with knowledge of relevant statutes affecting the control or disposition of [their] property." *Id.,* at 493 (citing *State v. Iglesias*, 185 Wis. 2d 118, 517 N.W.2d 175, 184, cert. denied, 513 U.S. 1045, 115 S. Ct. 641 (1994)). US Bank is therefore "charged with knowledge of the laws affecting [its] property." *Id*., at 494 (citing *MacKechnie v. County of Sullivan,* 478 U.S. 1006, 106 S. Ct. 3299 (1986)).

The holding in *Ritter* applies to bar US Bank's claim:

> [W]hen a state's constitution and tax codes are silent as to the distribution of excess proceeds received in a tax sale, the municipality may constitutionally retain the proceeds as long as notice of the action meets due process requirements.

*Id.,* at 486.

### II. The vesting of a fee simple title in the County is not a taking because US Bank had notice, due process, and opportunity to preserve its interest.

US Bank undeniably had an interest in the property, with multiple avenues to protect it. First, as it tried to do but failed to timely finish, US Bank sought foreclosure on its mortgage in Walworth County Case No. 18 CV 315. Then in the In Rem, US Bank had additional notice, due process, and opportunity to preserve its interest. By statute, US Bank had the opportunity to redeem the property as outlined in Wis. Stat. § 75.521(5) which allows redemption by paying all of the sums mentioned in such list of tax liens before expiration of the redemption period or may serve a verified answer upon the county treasurer. Not only did US Bank have this opportunity, the statute then further allows it to "add the amount paid in redemption to the face amount of any lien" it had on the property. Wis. Stat. § 75.521(5).

What US Bank is asking for, it could have easily obtained through exercising its own reasonable diligence. As the Wisconsin Court of Appeals noted in *Ritter*, the notice and procedures followed by the county were "reasonably calculated" to afford US Bank an opportunity to protect its interest. *Ritter* at 491.

Plaintiff claims that the County violated the Takings Clause of the U.S. and Wisconsin Constitutions by retaining the excess proceeds from the sale that occurred long after the County took fee simple title to the property. Plaintiff is correct in that the County retained the excess

16

Case 2:21-cv-00451-SCD   Filed 09/09/21   Page 16 of 20   Document 14

proceeds from the sale. This is because at the time of the sale, the County solely had vested right to those proceeds, whereas the Plaintiff's right was extinguished months prior.

> III. **No source of law preserves or re-establishes US Bank's property interest after the County obtained title to the property in fee simple.**
>
> A. **The statutes do not maintain US Bank's interest.**

Even though a municipality may benefit by retaining the surplus when it acquires fee-simple title to property via a tax deed and sells it, the owner is not entitled to any surplus unless the Legislature chooses to provide therefor. *Ritter*, at 486-487 (citing the Wisconsin Supreme Court in *Oosterwyk v. Milwaukee County*, 31 Wis. 2d 513, 143 N.W.2d 497 (Wis. 1966), *cert. denied*, 385 U.S. 981, 87 S. Ct. 528 (1966)). As was outlined in the statutory analysis above, the Legislature chose not to provide a right to surplus to a mortgagee or lienholder such as the Plaintiff here, US Bank. The Legislature therefore considered, and declined, to preserve any other interests in the property. As noted by footnote in *Ritter*, the Legislature made changes to Chapter 75 in 1987 to include a process for former homestead owners to claim surplus. *Id.*, at footnote 9. "[I]f the legislature had intended to mandate the distribution of excess proceeds for *all* property foreclosures … it would have amended § 75.521 as well – which, of course, it did not." *Id.*

The Legislature specifically outlines how proceeds of a sale are distributed after the county sells property acquired by tax deed in Wis. Stat. § 75.36. Distribution to a former mortgagee is simply absent. The Legislature specifically affords only a former homestead property owner any right to the proceeds, not a mortgagee such as US Bank. Wis. Stat. § 75.36(4). As recently highlighted by the Wisconsin Supreme Court, "[u]nder the doctrine of expression unius est exclusion alterius, the 'express mention of one matter excludes other similar matters [that are] not mentioned.'" *James v. Heinrich*, 2021 WI 58, ¶ 18, 397 Wis. 2d 516, 960 N.W.2d 350 (internal citations omitted).

### B. The common law does not support US Bank's assertion.

US Bank's Complaint does not provide this Court with any common law authority for its request that it should have to surplus proceeds of the property's post In Rem sale. Such potential common law authority, however, is not material because the Wisconsin Constitution specifically empowers the Legislature to modify the common law. "Such parts of the common law as are now in force in the territory of Wisconsin, not inconsistent with this constitution, shall be and continue part of the law of this state *until altered or suspended by the legislature*." *Guzman v. St. Francis Hosp.*, 240 Wis. 2d 559, 573, 623 N.W.2d 776, 783 (Ct. App 2000) (citing Wis. Const. art. XIV, § 13 (emphasis added)). Article XIV, § 13 is a powerful delegation of authority to the Legislature by the Constitution and recognizes, as does the Wisconsin Supreme Court, that it is the Legislature's function to establish the parameters of policy for Wisconsin, consistent with the changing needs of our society. *Guzman*, at 573-574 (citing *Aicher v. Wisconsin Patients Comp. Fund*, 2000 WI 98, 237 Wis. 2d 99, 613 N.W.2d 849) (The Legislature made a policy determination about the costs of health care).

### C. US Bank's mortgage contract with the former owners is non-binding on Walworth County.

In its Complaint, US Bank cites to Paragraph 11 of the Mortgage as assigning miscellaneous proceeds to US Bank. ECF 1. This argument is baseless as the County was not a party to this contract. Secondly, the agreement does not extend to post In Rem judgment proceeds because US Bank did not retain an interest in the property after judgment was entered transferring title to Walworth County. Lastly, a contract provision which contradicts state law, cannot stand. Paragraph 11 directly contradicts the provisions of Wis. Stat 75.721 as outlined above.

### IV. The proper venue for US Bank's Complaint is the Legislature.

18

Wisconsin law has no statutory framework for awarding and dispensing surplus. If US Bank's claim were to succeed in their takings claim, it would create significant legal implications for the County. The current statute does not address what priority each claimant would have to the proceeds. The County would be tasked with providing additional notice and opportunity for due process in these claims to surplus. Potentially thousands of lienholders would need a platform to establish their position in the hierarchy which does not exist and which a county is simply ill-equipped to provide. Mindful of these consequences, the Legislature carefully crafted a process that focuses on notice and opportunity to avoid In Rem judgment on the front end; one that gives lienholders a quick avenue to secure their interest and add their expenses to the original lien. When judgment is entered and all former interests are extinguished, the county is quickly able to restore the property to public benefit through new ownership.

US Bank's request would make In Rem law ripe for abuse. Lienholders would be rewarded for sitting on their hands while the county uses its sparse public resources to take legal action to collect property taxes. Property owners could use this mechanism in bad faith by waiting for surplus instead of proactively securing its interests through a timely mortgage foreclosure action afforded in Chapter 846 of the Wisconsin Statutes and to the detriment of the rights afforded to property owners through a mortgage foreclosure.

Within the current statute, Walworth County does not have the authority to do what the Plaintiff is asking. There is no mechanism for the County to return proceeds to US Bank. Pursuant to the doctrine of expression unius est exclusion alterius, "'[i]f the legislature did not specifically confer a power,' the exercise of that power is not authorized." *Heinrich*, 21 WI, ¶ 18 (citing *State ex rel. Harris v. Larson*, 64 Wis. 2d 531, 527, 219 N.W.2d 556 (Wis. 1974)). This reiterates the need for a policy fix by the Legislature, not a Constitutional claim in this Court.

## **CONCLUSION**

US Bank has not shown that its property was taken without just compensation because it had no property interest at the time the property was sold by Walworth County. Without such a showing, US Bank's claims must be dismissed. US Bank was not previously an owner of the property, rather was merely a lienholder. The Wisconsin Legislature requires that a lienholder have notice, due process, and an easy route to redeem the property from In Rem judgment. Walworth County followed the notice and due process of Wis. Stat. § 75.521 to collect delinquent property taxes and restore the property to public benefit through new ownership. US Bank's Complaint offers no more than an abstract need or desire for the surplus. It provides no constitutional, statutory or common law right for its request. US Bank failed to complete its own foreclosure in a timely fashion and it failed to exercise its statutory rights under the In Rem statute. Thus, judgment to the County extinguished all interest that US Bank had in the property. Without an existing claim to the property, there has been no taking under either the U.S. or Wisconsin Constitutions. For these reasons, the Defendants respectfully request dismissal of this action.

Dated this 9th day of September, 2021.

                               WALWORTH COUNTY CORPORATION COUNSEL
                               Attorney for Defendants WALWORTH COUNTY,
                               WISCONSIN and VALERIE ETZEL as WALWORTH
                               COUNTY TREASURER

By:     <u>Electronically signed by Estee E. Scholtz</u>
         Estee E. Scholtz
         Deputy Corporation Counsel
         State Bar No. 1065852

Drafted by:
Deputy Corporation Counsel Estee E. Scholtz
State Bar No. 1065852
Walworth County Judicial Center
1800 County Road NN
P. O. Box 1001
Elkhorn, WI 53121-1001
corpcounsel@co.walworth.wi.us
Phone: 262.741.7221
Fax: 262.741.7224