UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**US BANK TRUST NATIONAL ASSOCIATION**
*As Trustee of American Homeowner Preservation Trust Series 2015A+,*

    **Plaintiff,**

    v.                                                  Case No. 21-CV-451-SCD

**WALWORTH COUNTY**, et al.

    **Defendants.**

---

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

---

When Jesus and Francisca Casillas stopped paying their mortgage and tax obligations for their home, the stage was set for the present dispute between the mortgage lienholder, US Bank, and the tax lienholder, Walworth County. When defendant Walworth County foreclosed, auctioned the property, and retained the entirety of the sale proceeds, plaintiff US Bank brought this action alleging that the county's actions violated due process and constituted an unconstitutional taking. The parties have consented to my jurisdiction. ECF Nos. 2, 7. Walworth County has now filed a motion for judgment on the pleadings, ECF No. 13. For the following reasons, I will grant the motion.

### BACKGROUND

The following allegations of fact are drawn from the complaint, its attachments, and the attachments to the parties' briefs. Walworth County attached 71 pages worth of state court documents to its brief in support of its motion for judgment on the pleadings, ECF No. 14-1–10, and 3 more pages of the same to its reply brief, ECF No. 20-1–2. Walworth County also

asked that I take judicial notice of "Walworth County Circuit Court Case No. 19 CV 75 and its certified court record, pleadings, and order entered therein, as they are foundational to the claims alleged in this matter and the adjudicative facts are not in dispute." ECF No. 17 at 7. For its part, US Bank attached 39 pages to its complaint including the 13-page mortgage signed between the Casillases and their original mortgagee, as well as 26 pages of notarized mortgage assignments detailing the chain of ownership between the original mortgagee and US Bank. ECF No. 1-2; 1-3. US Bank also attached a 1-page lis pendens to its brief in response. ECF No. 19-1. For the purposes of this motion, I will consider all these documents.

1. US Bank's Mortgage Foreclosure: Walworth County Circuit Court Case 18 CV 315

On May 11, 2017, US Bank acquired the Casillas' mortgage loan, which then totalled $161,749.36. ECF No. 1 ¶¶ 7, 8. In May 2018, US Bank began foreclosure proceedings against Francisca Casillas (Jesus had since passed away) by registering a lis pendens with the register of deeds in Walworth County. ECF No. 14-7 at 1; ECF No. 19-1. By default judgment on August 23, 2018, Walworth County Circuit Judge Daniel S. Johnson awarded US Bank money damages of $158,611.22. ECF No. 14-7 at 4. Under this judgment, US Bank had the option to have the property sold at auction by the sheriff with the proceeds going to US Bank. *Id.* at 3. Further, the judgment stated that "following the sale of the mortgaged premises . . . all persons claiming an interest in said premises subsequent to the filing of the lis pendens herein shall be forever barred and foreclosed of all right, title, interest, claim lien, or equity of redemption in and to said premises and any part, parcel or portion thereof." *Id*.

The property went to auction on April 4, 2019. US Bank was the highest bidder at $68,097.60 and a Walworth County court confirmed the sale on May 20, 2019. ECF No. 14-9 at 2; ECF No. 19 at 4. Following that confirmation, US Bank had a judgment against

2

Francisca Casillas valued at $215,775.50—$158,611.22 for the initial default judgment in 2018 plus $57,164.28 in interest and other costs—along with ownership of the home at 926 East Wisconsin Street pending payment of taxes and recording fees. *See* ECF No. 14-10 at 1–2. Specifically, the Walworth County court ordered "that no later than (10) business days after the court confirms the sale, the buyer [US Bank] shall pay to the court both the applicable Wisconsin Real Estate Transfer Tax pursuant to Wis. Stats. § 846.16(2m)(b)(1) and the applicable recording fee as required by Wis. Stats. § 59.43(2) and § 846.16(2m)(b)(1), respectively." *Id.*

At this point, the record becomes fuzzy. As mortgagee, US Bank possessed a bundle of rights, including the rights to miscellaneous proceeds, defined in relevant part as "any compensation, settlement, award of damages, or proceeds paid by any third party . . . for . . . **(ii) condemnation or other taking of all or any part of the Property**." ECF No. 1 ¶ 10 (emphasis in the complaint). Furthermore, US Bank purchased the property at auction, making it the owner, so long as it completed its statutory obligations under Chapter 846. These rights speak for themselves, and no one disputes their validity until June 17, 2019. *See* ECF No. 14 at 8.

On that date, a Walworth County Circuit Court entered default judgment *against US Bank* for failing to answer in a parallel In Rem proceeding or to redeem the property under Wis. Stat. § 75.521. *Id.* The state court's judgment "forever barred and foreclosed of any right, title, interest, claim, lien or equity of redemption in the subject property." *Id*. (citing ECF No. 6 ¶ 9). This judgment was a result of defendant Walworth County's In Rem foreclosure proceeding against the property based on delinquent taxes. Walworth County claims that it followed a lawful procedure to foreclose on the tax-delinquent property that lawfully severed

any property rights that US Bank, or anyone else, had in the home on 926 East Wisconsin Street. ECF No. 14 at 16–17.

   2. <u>Wisconsin's In Rem Tax Foreclosures, In General</u>

Any county in Wisconsin may elect to enforce tax liens by following the In Rem process. Wis. Stat. § 75.521(2). Walworth County alleges that its tax foreclosure upon the home at 926 East Wisconsin Street followed the In Rem process outlined in Wis. Stat. § 75.521. ECF No. 14 at 7; 14-2. No one paid any taxes on the home in 2014 or 2015, and the home remained delinquent for 2016 and 2017. *Id.* at 6–7. Walworth County began In Rem proceedings against US Bank in Walworth County Case No. 19 CV 75 to collect for its tax debt from 2014–2017, a debt which it alleges totalled $17,489.93. *Id.*

Under Wisconsin's In Rem statutory scheme, a foreclosing county has several obligations before commencing the proceeding. Relevant here, whenever any land has been included in a tax certificate for more than two years, the treasurer must file a public list in the office of the clerk of the circuit court of the county detailing a property that the county intends to foreclose upon. Wis. Stat. § 75.521(3). The public list must include (1) a brief description of the parcel; (2) the name or names of the last owner or owners and mortgagee or mortgagees of the parcel as the ownership or mortgage interest appears of record in the office of the register of deeds of the county in which the parcel is situated; (3) a statement of the amount of the principal sum and the date from which and the rate at which interest shall be computed on the sum; (4) a petition to the court for judgment vesting title of the parcel in the county; and (5) the names of all municipalities other than the foreclosing county that have any right to the parcel. *Id.* The list must be verified by affidavit and shall be posted in the treasurer's office. *Id.* When the list is filed with the circuit court of the foreclosing county, the tax

proceeding against the owners and/or mortgagees officially begins. *Id.* A copy of the petition and description of the parcel shall be mailed by the county treasurer to the last-known address of each owner and mortgagee of record. *Id.* Finally, the treasurer shall also file an affidavit setting forth the names of the owners and mortgagees, along with their addresses, affirming that the treasurer mailed the petition and description. *Id.*

At this point, the burden shifts to the owners and/or mortgagees to respond. The rights and responsibilities of owners and/or mortgagees are set forth in the statute. Relevant here, they include that, every person having any right in the parcel may redeem it by paying all the sums mentioned in the list, along with interest and the county's legal costs and other fees. Wis. Stat. § 75.521(5). In the alternative, every person may also respond with a verified answer, served on the county treasurer, and filed in the county circuit court within 30 days of public notice. *Id.* If no one redeems by payment or files an answer within 30 days, then title to the property vests in the county, and any person previously having an interest in the parcel "shall be forever barred and foreclosed of all of his right, title and interest in" the parcel. *Id.*

If no redemption or answer is initiated by any interested party, then the owners and/or mortgagees are in default. The county court's duties to enter judgment in default cases are also set forth in statute and include that the court shall enter final judgment ordering and adjudging that the county is vested with an estate in fee simple absolute in the parcel, subject to all unpaid taxes and fees. Wis. Stat. § 75.521(8). The county court shall also enter final judgment forever barring and foreclosing any previously interested parties of any property rights, titles, claims, liens, or other equity of redemption. *Id.* The county's resulting interest is called a "tax deed," which it can freely transfer. *See* Wis. Stat. § 75.001. Finally, for two years following the county court's entry of default judgment, any person who was in default may

5

commence an action in the county court to recover the fair market value of their interest at the date of the court's judgment of foreclosure In Rem. Wis. Stat. § 75.521(14a).

3. <u>Walworth County Circuit Court Case No. 19 CV 75 Action In Rem</u>

Walworth County has followed the statutory scheme detailed above. ECF No. 14 at 7. On January 31, 2019, Walworth County Treasurer Valerie Etzel filed a list of 159 tax-delinquent properties with the Walworth County Circuit Court, along with a petition for judgment vesting title to each of the 159 parcels. *See* ECF No. 14-1 at 40. Etzel also certified to the state court that she posted the list in her office. *Id*. Number 143 out of 159 on Etzel's list was the home at 926 East Wisconsin Street. In its entirety, the relevant list entry reads as follows:

> **143    Tax Parcel #  XHE   0004**
> LOT 4 HEISS SHANAHAN SUBD. CITY OF DELAVAN
>   SEC 17
> SALE YEAR:                                                    2015
> TAX YEAR:                                                      2014
> PRINCIPAL AMOUNT:                            3,383.62
> (Plus interest and penalty)
> SALE YEAR:                                                    2016
> TAX YEAR:                                                      2015
> PRINCIPAL AMOUNT:                            3,122.91
> (Plus interest and penalty)
> JESUS S CASILLAS
> FRANCISCA R CASSILAS
> US BANK TRUST NATIONAL ASSOCIATION

*Id.* at 35.

On February 1, 2019, Etzel filed an affidavit with the Walworth County Circuit Court swearing that she posted the list in her office and that she filed the list with Clerk of the Circuit Court for Walworth County. ECF No. 14-2.

On February 6, 2019, Etzel filed an affidavit with the Walworth County Circuit Court swearing that she mailed, by registered or certified mail, a copy of the petition and list of tax-

6

delinquent properties to the last known address of each owner and mortgagee of property appearing on the list. ECF No. 14-3 at 1, 9. For the home on 926 East Wisconsin Street, Etzel mailed three notices. *See id.* at 7. For the Casillases, two notices were mailed to PO Box 214, Cotulla, TX, 78014. *Id.* For US Bank, notice was mailed to:

> US BANK TRUST NATIONAL ASSOCIATION
> C/O AMERICAN HOMEOWNER PRESERVATION
> 819 S WABASH AVE, SUITE 606
> CHICAGO, IL 60603

*Id.* Then, on February 21, 2019, Etzel filed another affidavit with the Walworth County Circuit Court swearing that she had complied her statutory obligations by preparing, filing, and publishing notice to the owners and mortgagees of tax-delinquent properties that faced foreclosure. ECF No. 14-4.

Nearly four months later, on June 17, 2019, Walworth County Circuit Court Judge Phillip A. Koss entered default judgment against "all persons, both natural and artificial, . . . who may have had any right, title, interest, claim, lien or equity of redemption in such land" for 31 properties on Etzel's published list. *See* ECF No. 14-5 at 2. One of the 31 properties in default was the home at 926 East Wisconsin Street. *Id.* at 4.

On August 27, 2019, the home at 926 East Wisconsin Street was auctioned again. ECF No. 1 ¶ 13. This time, the home went to high bidder Shirley E. Nalevac for $31,500.00. *Id.* Walworth County retained the entire sale price. *Id.* ¶ 14. Then, in April 2021, US Bank filed the present lawsuit against Walworth County asserting that the county's retention of the

7

Case 2:21-cv-00451-SCD   Filed 01/06/22   Page 7 of 13   Document 21

proceeds violates the Fifth Amendment's Takings Clause and Article I, Section 13 of the Wisconsin Constitution. *See* ECF No. 1.[1]

## DISCUSSION

### I. This Motion Does Not Need to be Converted to a Motion for Summary Judgment

A motion for judgment on the pleadings is designed to dispose of cases when the material facts are not in dispute, and where judgment on the merits is possible by focusing solely on the content of the pleadings, attachments, and any facts properly subject to judicial notice. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1367 (3d ed. 2021). Judgment on the pleadings is appropriate "only when it appears beyond a reasonable doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007); *see also Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020) ("A district court has discretion as to whether to convert a motion for judgment on the pleadings into a motion for summary judgment. If, however, a court chooses to consider materials outside the pleadings, the discretion ends, and the court must treat the motion as one for summary judgment.") (internal quotation marks and citations omitted).

A motion for judgment on the pleadings challenges the sufficiency of the pleadings and is reviewed under the same standard as a motion to dismiss under Rule 12(b). *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.*

---

[1] No effort is made to differentiate the state and federal constitutional takings claims, so my analysis applies to both.

Historically, "written instrument" has included affidavits, letters, contracts, and loan documentation. *Id*. "The traditional understanding of an instrument is a document that defines a party's rights, obligations, entitlements, or liabilities." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). On a motion to dismiss, the Seventh Circuit has "taken a broader view of documents that may be considered" by including "documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Id.* "However, the court may take judicial notice of historical documents contained in the public record and state court decisions without converting a motion to dismiss into a motion for summary judgment." *Loud Recs. LLC v. Minervini*, 621 F. Supp. 2d 672, 675 (W.D. Wis. 2009) (citing *520 South Michigan Ave. Associates, Ltd. V. Shannon*, 549 F.3d 1119, 1138 n. 14 (7th Cir. 2008)). Here, I agree with Walworth County that all the relevant documents are either contained within the proceedings or subject to judicial notice. My analysis below does not turn on any documents or other information outside of these materials. Accordingly, there is no need to convert this motion to one for summary judgment. However, as the moving party, Walworth County still has the burden to show, beyond a reasonable doubt, that US Bank cannot prove any facts to support a claim for relief and that there are no issues of material fact to be resolved.[2]

## II. The Pleadings Do Not Support a Takings or Due Process Claim

The complaint alleges that Walworth County violated due process and the Takings Clause by foreclosing on the property and keeping not just the taxes owed, but "the amount

---

[2] US Bank argues that it needs to present evidence outside the pleadings to show that there remains a dispute of material fact. Specifically, US Bank would like to provide "additional proof of Plaintiff's own foreclosure action, commenced seven months *before* the tax foreclosure, including the recording of a notice of lis pendens in the public record." ECF No. 19 at 4 (emphasis added). But evidence of the earlier foreclosure action is immaterial because it would do nothing to undercut Walworth County's tax foreclosure, which terminated any interest US Bank might otherwise have had.

by which the value of the property foreclosed upon exceeded the total amount of the impositions attributable to that property." ECF No. 1 at ¶ 26. As the Wisconsin Court of Appeals recognized in *Ritter v. Ross*, however, nothing in the state's constitution or tax codes provides property owners a right to excess funds received in a tax sale. 207 Wis.2d 476, 486 (Ct. App. 1996). Thus, as long as the county followed appropriate notice procedures, the foreclosure was constitutionally adequate. *Id.* at 476-91. The *Ritter* court relied partly on *Nelson v. City of New York,* 352 U.S. 103, 110 (1956), where the Supreme Court found no violation of due process, nor any unconstitutional taking, when New York City foreclosed on properties for unpaid taxes and then retained the entirety of the sale proceeds. The Supreme Court held: "[w]hat the City of New York has done is to foreclose real property for charges four years delinquent and, in the absence of timely action to redeem or to recovery any surplus, retain the property or the entire proceeds of its sale. We hold that nothing in the Federal Constitution prevents this where the record shows adequate steps were taken to notify the owners of the charges due and the foreclosure proceedings." *Id.*[3]

As in *Ritter* and *Nelson,* therefore, the ultimate question is whether Walworth County followed adequate notice procedures when it foreclosed on the property. Although US Bank concedes that the county ostensibly followed the statutory notice requirements, it argues that the county's notice was defective because it misnamed as mortgagee "US Bank Trust National Association" instead of the more specific "US Bank Trust, National Association, *as Trustee of American Homeowner Preservation Trust Series 2015A+.*" It protests that because US Bank is

---

[3] US Bank suggests that *Nelson* is inapplicable because New York law provided a mechanism for a former owner to recover a surplus. Although that is true, the essence of the court's holding remains valid here. As another court has concluded, "Although the Arizona statute does not have a corresponding provision [to New York law], the Court still concludes that Plaintiff's interest in the subject property terminated completely with the issuance of the treasurer's deed, and no deprivation of constitutional rights occurred." *Automatic Art, L.L.C. v. Maricopa Cty.,* No. CV 08-1484-PHX-SRB, 2010 WL 11515708, at *6 (D. Ariz. Mar. 18, 2010).

trustee to "hundreds if not thousands" of mortgage trusts, "notice without the name of the trust for which it is acting as trustee is no notice at all." ECF No. 19 at 3.

US Bank does not provide any support for its argument that the county was either statutorily or constitutionally required to identify the specific name of the trust for which US Bank was acting. The statute certainly does not require such specificity. Under § 75.521(3)(c), the county was required to send notice "by registered or certified mail, return receipt requested, by the county treasurer to the last-known post-office address of each owner and mortgagee of record. . . ." US Bank does not suggest that the treasurer failed to send the notice to its proper address, but merely that the notice did not specifically identify the name of the trust for which US Bank was acting as trustee. The county therefore complied with the notice statute.

Nor was the county constitutionally required to provide more specific notice than it did. As the *Ritter* court correctly recognized, due process is "flexible" and "requires only such notice as may be demanded under the particular circumstances of the case." 207 Wis.2d at 494. Here, US Bank has not even attempted to explain how a sophisticated financial firm would have been unable to discern from the notice that the county was planning to foreclose. Presumably, when a bank receives a notice by registered or certified mail that a property in which it has an interest is delinquent in its taxes, it doesn't offend due process to expect some minimal obligation to take action or investigate. As the *Ritter* court observed, "property owners are charged with knowledge of the laws affecting their property." 207 Wis.2d at 493. US Bank's argument would flip that charge on its head, requiring would-be foreclosers to do the parties' homework for them and identify *how* the delinquency information might affect them. Just as the *Ritter* court rejected the idea that the county was required to inform the

11

Ritters that it could retain the surplus—i.e., the legal implication of the delinquency—here it was not incumbent on the county to inform US Bank "the name of the trust for which it is acting as trustee." ECF No. 19 at 3. The county informed US Bank, and that's all due process requires. In short, because the notice was constitutionally sufficient, the county's foreclosure terminated any interest US Bank had in the property. As such, when the county retained the surplus it received from the sale, it was not "taking" anything belonging to US Bank.

US Bank's remaining arguments—based in equity and common law principles—are similarly fruitless. US Bank cites *Brown v. Legal Found. of Washington*, 538 U.S. 216, 235 (2003) and *United States v. Lawton*, 110 U.S. 145, 150 (1884) for the proposition that the government violates the Constitution when it confiscates property worth more than an outstanding debt and fails to compensate the owner for the surplus value. ECF No. 19 at 6–8. Neither case applies. In *Brown*—a case about disbursing interest earned on funds that were required to be held in trust—the court discussed the takings claim under the assumption that the challengers' ownership to the funds subject to the regulatory scheme was undisturbed and unquestioned. *See Brown*, 538 U.S. at 228–229. The challengers were real estate investors who, to conduct real estate transactions in Washington, had to deposit their purchase money into trust accounts during the closing period and surrender any interest to help the needy. *Id.* This case is different because the pleadings show that the "taken" property at 926 East Wisconsin Street was owned in fee simple by Walworth County at the time it was auctioned. Unlike *Brown*, wherein the challengers had rights to the money they deposited into trust accounts, US Bank had no rights to the property.

*Lawton*'s distinction is even clearer. There, a former owner had a cognizable claim to proceeds after a statute required his property be sold to settle a debt. *Lawton*, 110 U.S. at 546–

47. But the statute also required that surplus proceeds flow to the former owner. *Id* at 547. (citing "the provisions of section 36 of the act of 1861" for returning proceeds to foreclosed-upon former owners). Accordingly, when the government failed to follow the part of the statute that required proceeds to flow to the foreclosed-upon former owner, the former owner had a claim upon which relief could be granted. *See id.* The Supreme Court has since clarified that the Takings Clause "only protects property rights as they are established under state law, not as they might have been established or ought to have been established." *Stop the Beach Renourishment, Inc. v Fla Dep't of Envtl. Prot.*, 560 U.S. 702, 732 (2010). Here, Wisconsin has no such requirement and Walworth County was under no such duty. Wisconsin law unambiguously gives counties the right to take ownership of property—in fee simple absolute—to settle tax debts. Wisconsin law does not give foreclosed-upon former owners any rights to proceeds.

## CONCLUSION

The parties dispute several facts of this case, but they do not dispute any material ones. The pleadings and other matters properly considered demonstrate that US Bank has not stated a claim and that judgment on the pleadings is therefore appropriate. Accoringly, the motion, ECF No. 13, is **GRANTED** and the case is dismissed.

**SO ORDERED** this 6th day of January, 2022.

_____
STEPHEN C. DRIES
United States Magistrate Judge