## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**US BANK TRUST NATIONAL ASSOCIATION**
*As Trustee of American Homeowner Preservation Trust*
*Series 2015A+,*

      **Plaintiff,**

      **v.**                                      **Case No. 21-CV-451-SCD**

**WALWORTH COUNTY**, et al.

      **Defendants.**

## DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

In *Tyler v. Hennepin County*, 598 U.S. 631 (2023), the Supreme Court recognized a constitutional right to seek just compensation—in the form of after-tax proceeds—for real property confiscated by local governments. Prior to *Tyler*, some state and local governments simply kept the excess value of real property when they confiscated that property for tax delinquency. *See Tyler*, 598 U.S. at 642. This meant that, even after delinquent taxes were recouped, those who previously had an interest in the property might be left with nothing. Until 2021, Wisconsin law only provided certain owners who used the property for homestead purposes with an opportunity to recover the proceeds that counties garnered through tax sales. *See* 2021 Wis. Act 216 (amending Wis. Stat. § 75.36). In the present action, US Bank seeks to recover proceeds from Walworth County's 2019 seizure of a certain property in which it held an interest. *See* ECF No. 1. Based on the law then existing, I granted judgment on the pleadings in favor of Walworth County. ECF No. 21. The Supreme Court issued its decision in *Tyler* while US Bank's appeal was pending. Rather than decide the matter in the first

instance, the Seventh Circuit vacated my order and remanded this action for de novo reconsideration in light of *Tyler*. ECF No. 27. I now conclude that US Bank has stated a claim for an unconstitutional taking. Therefore, I will deny the defendants' motion for judgment on the pleadings.

## BACKGROUND

US Bank acquired Jesus and Francisca Casillas' mortgage loan on May 11, 2017. ECF No. 1 ¶¶ 7, 8. In 2018, US Bank initiated foreclosure proceedings and obtained a default judgment against Francisca Casillas (Jesus had since passed away). ECF Nos. 14-7, 19-1. Under this judgment, US Bank had the option to have the property sold at auction by the sheriff with the proceeds going to US Bank. ECF No. 14-7 at 2. US Bank was the highest bidder at auction, and a Walworth County court confirmed the sale on May 20, 2019. ECF Nos. 14-9 at 2, 14-10. In its confirmation order, the Walworth County court also ordered "that no later than (10) business days after the court confirms the sale, the buyer [US Bank] shall pay to the court both the applicable Wisconsin Real Estate Transfer Tax pursuant to Wis. Stats. § 846.16(2m)(b)(1) and the applicable recording fee as required by Wis. Stats. § 59.43(2) and § 846.16(2m)(b)(1), respectively." ECF No. 14-10 at 1-2. According to the defendants, US Bank never paid this tax or recording fee. ECF No. 14 at 10. And the Casillases were already behind on their property taxes by an alleged amount of $17,489.93. *Id.* at 7-8.

Given the tax delinquency, Walworth County filed an In Rem foreclosure proceeding against the property on January 31, 2019. ECF Nos. 14 at 7-8, 14-1. US Bank failed to answer or to redeem the property, so the Walworth County Circuit Court entered default judgment on June 17, 2019. ECF No. 14-5. This judgment vested Walworth County with a fee simple absolute title in the property. *Id.* In August 2019, a high bidder purchased the property at

auction for $31,500.00. ECF No. 1 ¶ 13. Walworth County retained the entire sale price. *Id.* ¶ 14. US Bank filed the present lawsuit in April 2021, alleging Walworth County's retention of the proceeds violated the Fifth Amendment's Takings Clause and Article I, Section 13 of the Wisconsin Constitution. *Id.* ¶¶ 1, 5.

The defendants—Walworth County and its treasurer, Valerie Etzel—filed a motion for judgment on the pleadings. ECF No. 13. I granted that motion in January 2022. ECF No. 21. The Seventh Circuit vacated my order and remanded the case for de novo reconsideration in September 2023. ECF No. 27. The parties then filed simultaneous supplemental briefing on the impact of the *Tyler* decision. ECF Nos. 29, 30.

## LEGAL STANDARD

Judgment on the pleadings is appropriate "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). A motion for judgment on the pleadings challenges the sufficiency of the pleadings and is reviewed under the same standard as a motion to dismiss under Rule 12(b). *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* Historically, "written instrument" has included affidavits, letters, contracts, and loan documentation. *Id.* at 453. "The traditional understanding of an instrument is a document that defines a party's rights, obligations, entitlements, or liabilities." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

On a motion to dismiss, the Seventh Circuit has "taken a broader view of documents that may be considered" by including "documents that are central to the complaint and are

referred to in it, and information that is properly subject to judicial notice." *Id.* "However, the court may take judicial notice of historical documents contained in the public record and state court decisions without converting a motion to dismiss into a motion for summary judgment." *Loud Recs. LLC v. Minervini*, 621 F. Supp. 2d 672, 675 (W.D. Wis. 2009) (citing *520 South Michigan Ave. Associates, Ltd. V. Shannon*, 549 F.3d 1119, 1138 n.14 (7th Cir. 2008)).

I will analyze the defendants' motion for judgment on the pleadings consistent with the record identified in my prior order, ECF No. 21, which takes into account not only the parties' pleadings, but also the state court documents regarding Walworth County's foreclosure action, ECF Nos. 14-1–10, 20-1–2; the mortgage signed by the Casillases and their original mortgagee, ECF No. 1-2; the notarized mortgage assignments, ECF No. 1-3; and the lis pendens filed by US Bank, ECF No. 19-1.

## DISCUSSION

The complaint alleges that Walworth County violated due process and the Takings Clause by foreclosing on the relevant property and keeping not just the taxes owed, but "the amount by which the value of the property foreclosed upon exceeded the total amount of the impositions attributable to that property." ECF No. 1 ¶ 26. US Bank does not dispute Walworth County's right to seize the property for the payment of unpaid taxes. ECF No. 30 at 13. Nor does US Bank dispute that the tax foreclosure judgment terminated its interest in the property. *Id.* Rather, US Bank disputes Walworth County's ability to retain the surplus realized from the subsequent sale of the property. *Id.* Because that retention was the issue before the Supreme Court in *Tyler*, I find that *Tyler* controls the outcome here.

In *Tyler*, the Supreme Court held that the Takings Clause entitled the plaintiff to an opportunity to claim the surplus proceeds from a tax foreclosure sale. 598 U.S. at 644-45. The

4

Court made a point to distinguish the case from *Nelson v. City of New York*, 352 U.S. 103 (1956), in which property owners forfeited their constitutional right to surplus from a tax sale by failing to comply with the state law procedure for requesting the surplus. *Id.* at 644. Under the circumstances in *Tyler,* like here, no avenue existed for the plaintiff to claim the surplus after the sale. *See id.* The plaintiff in *Tyler* was the most recent property owner who had failed to pay her taxes. *Id.* at 635. Here, Walworth County argues that US Bank is not entitled to the same opportunity recognized in *Tyler* because US Bank paid zero taxes on the property at issue and is not a taxpayer. ECF No. 29 at 2-3. Even so, the value at issue is the amount above and beyond the taxes owed. Obviously, the plaintiff in *Tyler* had not paid her taxes either, yet the Court referred to her and other homeowners as taxpayers. *See, e.g.*, 598 U.S. at 645.

Walworth County further argues that US Bank should not benefit from *Tyler* because US Bank was not the homeowner. *See* ECF No. 29 at 6-7. To that end, US Bank claims that it acquired title to the property on May 20, 2019, when the state court confirmed the judicial sale in its mortgage foreclosure action. *See* ECF Nos. 14-10, 30 at 3. Under Wis. Stat. § 846.16(2m)(as), all right, title, and interest of the mortgagor vests in the purchaser upon judicial confirmation of a sale of mortgaged premises. *See also Security State Bank v. Sechen*, 707 N.W.2d 576, 578 (Wis. Ct. App. 2005) (observing that a "mortgagor's right of redemption survives until confirmation of the sale because only upon confirmation does the title vest in the purchaser"). Accordingly, US Bank was the property owner at the time Walworth County obtained title through the tax foreclosure action on June 17, 2019. ECF No. 30 at 3. Upon US Bank's motion, the Walworth County court vacated its order confirming US Bank's purchase on July 2, 2019. ECF Nos. 20-1, 20-2. By this time, Walworth County's default judgment had

already extinguished US Bank's interest in the property—regardless of whether that interest was held via the title or mortgage lien. *See* Wis. Stat. § 75.521(8).

Walworth County argues that US Bank never acquired ownership because of its failure to pay taxes on the property. ECF No. 29 at 7. But that is exactly why the tax foreclosure succeeded and why US Bank does not dispute the county's authority to seize the property. *See* ECF No. 30 at 13. Moreover, even if US Bank's ownership interest was questionable, its mortgage lien would still constitute a protected property interest under the Takings Clause. *See Murray v. United States*, 817 F.2d 1580, 1583 (Fed. Cir. 1987) ("A mortgagee's lien is a property interest within the meaning of the Fifth Amendment.") (collecting cases). Indeed, the Supreme Court has held regarding materialmen's liens: "Before the liens were destroyed, the lienholders admittedly had compensable property. Immediately afterwards, they had none. This was not because their property vanished into thin air. It was because the Government for its own advantage destroyed the value of the liens." *Armstrong v. United States*, 364 U.S. 40, 48 (1960).

Walworth County contends that its default judgment cut off any lien interest and that no statute provides surplus rights to lienholders. ECF No. 29 at 8-9. But the same is true of titleholders, and yet, the Supreme Court found that they are entitled to seek surplus proceeds after tax foreclosures. *See Tyler*, 598 U.S. at 647. After all, the principle holds true that a government cannot take more property than it is due. *See id.* at 639. Like the plaintiff in *Tyler*, US Bank held a compensable interest in the relevant property prior to foreclosure. *See id.* No avenue existed for US Bank to claim the surplus proceeds after Walworth County sold the property and recouped its tax interest. *See id.* at 644. Therefore, US Bank has stated a claim for an unconstitutional taking under the Fifth Amendment. *See id.* at 647. Walworth County

6

has not met its burden of showing that US Bank cannot prove any facts to support a claim for relief. *See Moss*, 473 F.3d at 698. Accordingly, I will deny its motion for judgment on the pleadings.

## CONCLUSION

The pleadings and other filings demonstrate that US Bank has stated a claim. The motion for judgment on the pleadings, ECF No. 13, is therefore **DENIED**. The clerk will set the case on the calendar for a telephonic scheduling conference.

**SO ORDERED** this 29th day of November, 2023.

_____
STEPHEN C. DRIES
United States Magistrate Judge